UNITED STATES, Appellee,

v.

Alan W. HORN, Private E-2, U. S. Army, Appellant.

No. 39,111.
SPCM 13831.

U. S. Court of Military Appeals.

Oct. 27, 1980.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Charles A. Byler, Captain Robert L. Gallaway* (on brief); *Captain Terrence L. Lewis.*

For Appellee: *Colonel R. R. Boller, Major Ted B. Borek, Major Douglas P. Franklin* (on brief).

*Opinion of the Court*

PER CURIAM:

The appellant was tried by a special court–martial composed of officers, and convicted, contrary to his pleas, of two specifications of assault on a noncommissioned officer, one specification of simple assault, and two specifications of possession of marihuana, contrary to Articles 91, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 928, and 934, respectively. Thereupon, he was sentenced to a bad–conduct discharge, confinement at hard labor for 6 months, forfeiture of $279 pay per month for 6 months, and reduction to the lowest enlisted grade. The convening authority approved these results and the United States Army Court of Military Review affirmed, except it reduced the amount of marihuana found possessed on one occasion.

In this Court, the appellant has drawn our attention to the trial counsel's opening and closing arguments prior to findings and he urges that we find them prejudicially improper. Under the circumstances of this case, we conclude no prejudice accrued.

In analyzing the evidence of record, in urging permissible inferences to be drawn therefrom, and in suggesting what weight ought to be given by the court to various evidence, the prosecutor prefaced his remarks or included in them the phrase "I think" no fewer than fifteen times in his

opening argument and no less than thirteen times in his closing argument. These arguments together constitute only eleven pages of the record.

Such an argument is improper. While a "prosecutor may argue all reasonable inferences from evidence in the record,"[1] "[i]t is unprofessional . . . for [him] to express his personal belief or opinion as to the truth or falsity of any testimony or evidence."[2] Such beliefs or opinions are merely "a form of unsworn, unchecked testimony and tend to exploit the influence of his office and undermine the objective detachment which should separate a lawyer from the cause for which he argues. Such argument is expressly forbidden. ABA Code DR 7–106(C)(4); Drinker, *Legal Ethics* 147 (1953)."[3] Accordingly, such comment by the trial counsel clearly is not in the proper discharge of his prosecutorial duty.[4] It cannot be condoned. *See United States v. Knickerbocker*, 2 M.J. 128 (C.M.A.1977).

Also of concern to us is the failure of the military judge to interrupt the trial counsel in the midst of his improper argument and to instruct the court on the spot to disregard it. *See* ABA Standards, The Function of the Trial Judge § 5.10 (1972); *United States v. Knickerbocker*, *supra* at 131 (Fletcher, C. J., concurring in the result). While the judge did begin his instructions following argument of both counsel with the admonition that the exposition of facts they had just heard from the counsel was to be treated only as counsel's view of the

facts and that such argument was not evidence, this instruction merely was the standard one found in the Military Judges' Guide[5] for use following *proper* argument by counsel. It is woefully inadequate to cure *improper* argument.

After a careful review of the record, however, we conclude that the appellant was not prejudiced by this argument. While we expressly condemn the tone of the argument used by this prosecutor, we do observe that at least his argument did not blatantly attack the credibility or the character of the appellant or any of his witnesses. *See United States v. Knickerbocker*, *supra; United States v. Doctor*, 7 U.S.C. M.A. 126, 21 C.M.R. 252 (1956). Additionally, we note that trial counsel himself began his argument with the caution that he was not presenting evidence; that he would be arguing the evidence as he perceived and remembered it; and that if the members' recollection of the evidence differed from his, that their recollection controlled. Finally, it is our opinion that the evidence of record weighs heavily in support of the conviction brought in by the court after their deliberations.[6]

We cannot close without again admonishing prosecutors and judges alike to be vigilant in assuring that the required propriety and decorum in closing argument are respected.

The decision of the United States Army Court of Military Review is affirmed.

1. ABA Standards, The Prosecution Function, § 5.8(a) (1971).

2. *Id.* at § 5.8(b).

3. *Id.*, Commentary at 128.

4. *See* para. 44*g*(1), Manual for Courts–Martial, United States, 1969 (Revised edition).

5. Para. 2–2, DA Pam 27–9, Military Judges' Guide (May 19, 1969).

6. In this case, the defense presented no evidence on the merits, other than to cross–examine the witnesses offered by the Government.