# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Luis (NMN) CABALLERO, Jr.,
### Machinery Technician Third Class (E-4), U.S. Coast Guard

## CGCMS 24333

## Docket No.  1252

## 12 July 2007

Special Court-Martial convened by Commanding Officer, Coast Guard Station Miami Beach. Tried at Norfolk, Virginia, on 21 July 2005.

| | |
|---|---|
| Military Judge: | CAPT Brian M. Judge, USCG |
| Trial Counsel: | LT Jeremy A. Raich, USCG |
| Civilian Defense Counsel: | William J. Holmes, Esquire |
| Detailed Defense Counsel: | LT Peter P. Pascucci, JAGC, USNR |
| Appellate Defense Counsel: | LT Lynn R. S. Capuano, USCG |
| Assistant Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | CDR James D. McMahon III, USCG |

## BEFORE
## McCLELLAND, FELICETTI & LODGE
### Appellate Military Judges

LODGE, Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice (UCMJ); and one specification of making a false official statement, in violation of Article 107, UCMJ.  The military judge sentenced Appellant to a bad-conduct discharge; confinement for 166 days, which amounted to the time served in pretrial confinement; and reduction to E-1. The sentence was unaffected by the pretrial agreement, and the Convening Authority approved it as adjudged.

Before this Court, Appellant asserts that his plea to making a false official statement (Charge II) was improvident because Appellant's statement was not official as a matter of law. We do not need to resolve this issue, as we find that the military judge did not establish a factual basis to determine if the statement was official. We find the plea to the Article 107, UCMJ, charge improvident, and set aside the finding of guilt to this charge.

Our review of such an issue should ordinarily be based on matters within the four corners of the record, *United States v. Rooks*, 29 M.J. 291, 293 (C.M.A. 1989), and a plea of guilty should not be overturned as improvident unless the record reveals a substantial basis in law or fact to question the plea, *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991).

Official statements "include all . . . statements made in the line of duty." Manual for Courts-Martial, Pt. IV, ¶ 31.c(1), United States (2005 ed.). Military courts have routinely cited the Federal civilian counterpart statute, 18 U.S.C. § 1001 (2006), in determining the scope of Article 107, UCMJ. The scope of Article 107, however, is more expansive than its civilian counterpart "because '[t]he primary purpose of military criminal law – to maintain morale, good order, and discipline – has no parallel in civilian criminal law.'" *United States v. Teffeau*, 58 M.J. 62, 68 (C.A.A.F. 2003) (*citing United States v. Solis*, 46 M.J. 31, 34 (C.A.A.F. 1997)). Even with this more expansive definition and purpose, not every false statement by a servicemember rises to the level of a false official statement, as the circumstances surrounding the making of such statement assist in determining whether the servicemember was in the line of duty while making the statement. *Compare United States v. Teffeau*, 58 M.J. 62 (C.A.A.F. 2003), *with United States v. Johnson*, 39 M.J. 1033 (A.C.M.R. 1994).[1]

Under Charge II, Appellant was charged with making a false statement to a Norfolk, Virginia police detective that he was not at the scene of a certain shooting, which occurred in the civilian community. During the providence inquiry, the military judge asked repeatedly if Appellant understood that *the detective* was acting in his official capacity as a Norfolk police officer during the questioning. (R. at 41-42.) Following this dialogue, the military judge moved

---

[1] The *Teffeau* court does not articulate a legal standard for determining if a statement is official, and we also need not announce a legal standard to resolve the issue in this case.

on to determine the factual basis for the second and third elements of the offense. At no time during the providence inquiry did the military judge define the term "official." Nor did he inquire into Appellant's belief that he was making the statement in the line of duty or that his statement was official, and no other facts were present in the record to support this conclusion. The military judge asked Appellant twice if Appellant had authority to make "a false official statement," but there are no facts in the record to bolster the military judge's closed-ended questions or Appellant's conclusory responses. (R. at 44.) Even the stipulation of fact, Prosecution Exhibit 1, is silent regarding this element, as it only discusses the false nature of the statement and Appellant's purpose to deceive Detective Mayer, and not the circumstances surrounding the making of the statement to the civilian law enforcement officer.

Unlike in *Teffeau*, 58 M.J. at 69, where the court determined that "[t]he circumstances leading up to and surrounding the statements made to [civilian law enforcement personnel bore] a clear and direct relationship to Appellant's duties as a recruiter and reflect a substantial military interest in the investigation," we do not find the record here to adequately establish such a nexus. The *Teffeau* court relied on a myriad of factors in determining that the statement to non-Federal law enforcement personnel was official, including that Appellant's duties and status as a servicemember (recruiter) were directly related to the underlying incident subject to the questioning, and that the military or other Federal agency had an interest in the outcome of the non-Federal investigation (there were facts indicating an ongoing military investigation alongside the civilian investigation). In this case, Appellant did not admit sufficient facts to allow us to reach the same conclusion, and we are unable to glean from the record other facts that would support a conclusion that this was an official statement.

We note that the military judge followed the guidance found in the Military Judges' Benchbook, DA Pamphlet 27-9 (2002), in conducting the providence inquiry with Appellant. The Benchbook, however, is not helpful in fully addressing the factual predicate necessary to provide the nexus between the circumstances surrounding the making of the statement at issue, and the official nature of the statement necessary for an Article 107 violation, given the non-Federal nature of the investigation in which the statement was made.

The issue in this case arises because of the nonmilitary setting in which the false statement was made. Where a statement is made to a military person (a typical false official statement case), the official capacity of the person receiving the statement is likely to be conclusive on the issue of whether the statement is official. In such a case, the line-of-duty question likely need not be raised.

Based on the analysis above, we find the plea to the violation of Article 107, UCMJ, improvident, and set aside the finding of guilty as to Charge II and its specification. We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the remaining finding is determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the finding of guilty to the unauthorized absence, in violation of Article 86, UCMJ, is affirmed.

Based on our action on the findings, the record is returned to the Judge Advocate General for referral to an appropriate convening authority. The convening authority may order a rehearing on Charge II and its specification, and the sentence. If the convening authority determines that a rehearing on Charge II and its specification is impracticable, the convening authority may dismiss that charge and specification and order a rehearing on the sentence only. If the convening authority determines that a rehearing on the sentence is likewise impracticable, the convening authority may approve a sentence of no punishment. Rule for Courts-Martial 1203(c)(2), Manual for Courts-Martial, United States (2005 ed.).

Chief Judge McCLELLAND and Judge FELICETTI concur.



For the Court,


Jane R. Lim
Clerk of the Court

4