# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
Appellate Military Judges

### UNITED STATES OF AMERICA

v.

### SHAWN D. STONER
### SERGEANT (E-5), U.S. MARINE CORPS

### NMCCA 201300217
### GENERAL COURT-MARTIAL

**Sentence Adjudged:** 11 February 2013.
**Military Judge:** LtCol C.J. Thielemann, USMC.
**Convening Authority:** Commanding General, 1st Marine Division, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation:** LtCol D.P. Harvey, USMC.
**For Appellant:** CAPT Brent Filbert, JAGC, USN.
**For Appellee:** LCDR Keith Lofland, JAGC, USN; Maj David Roberts, USMC.

### 29 May 2014

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of violating a lawful general regulation (wrongfully viewing pornography on a government computer), and one specification of wrongfully possessing child pornography, in

violation of Articles 92 and 134, UCMJ, 10 U.S.C. §§ 892 and 934. The military judge sentenced the appellant to 42 months' confinement, reduction to pay grade E-1, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged, and except for the punitive discharge, ordered the sentence executed. In accordance with a pretrial agreement, the CA suspended all confinement in excess of 18 months.

The appellant's sole assignment of error claims that trial counsel's sentencing argument was improper and amounted to plain error that materially prejudiced his substantial rights. We disagree. After carefully considering the record of trial and the submissions of the parties, we are convinced that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

**Background**

The appellant pled guilty, pursuant to a pretrial agreement, to possessing over 1000 images and depictions of child pornography and to violating a lawful general regulation by spending approximately two hours a day while on duty viewing pornography on a government computer.

The appellant called three sentencing witnesses. One witness testified to the appellant's good job performance and rehabilitative potential. The next witness was a licensed pastoral counselor who testified that appellant's upbringing and childhood may have contributed to his pornography habit. Last, the appellant's wife testified about the appellant's remorse and the adverse impact the appellant's crimes will have on his family's financial situation and 9-month-old son. In his unsworn statement, the appellant apologized for his conduct, discussed his efforts at rehabilitation, and accepted responsibility for his crimes.

During the Government's sentencing argument, trial counsel described the appellant's remorse and efforts to rehabilitate as "insulting" and "ridiculous" while repeatedly referring to the appellant as a "sexual predator." Trial counsel then argued for 5 years' confinement. Trial defense counsel did not object to the trial counsel's argument and the military judge did not take any *sua sponte* remedial action.

2

## Analysis

Improper argument is a matter we review *de novo*. *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011). In the absence of a defense objection at trial, we review the appellant's claim of improper argument for plain error. *Id.* "Plain error occurs when (1) there is error, (2) the error is plain and obvious, and (3) the error results in material prejudice to a substantial right of the accused." *United States v. Fletcher*, 62 M.J. 175, 179 (C.A.A.F. 2005) (citing *United States v. Rodriguez*, 60 M.J. 87, 88-89) (C.A.A.F. 2004)).

Trial counsel is expected to zealously argue for an appropriate sentence so long as the argument is fair and reasonably based on the evidence. *United States v. Kropf*, 39 M.J. 107, 108 (C.M.A. 1994) (citing *United States v. Edwards*, 35 M.J. 351 (C.M.A. 1992)). Error occurs when counsel fail to limit their arguments to "the evidence in the record, as well as reasonable inferences fairly derived from such evidence." *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000). Error also occurs when trial counsel "interjects [oneself] into the proceedings by expressing a 'personal belief or opinion as to the truth or falsity of any testimony or evidence.'" *Fletcher*, 62 M.J. at 179 (quoting *United States v. Horn*, 9 M.J. 429, 430 (C.M.A. 1980)).

A sentencing argument is not improper when the comments are supported by a reasonable inference fairly derived from the evidence. *United States v. Halpin*, 71 M.J. 477, 479 (C.A.A.F. 2013); *see also United States v. Burton*, 67 M.J. 150, 152 (C.A.A.F. 2009). Here, we do not find that trial counsel acted improperly when he referred to the appellant as a "child predator" as this was a reasonable inference from the evidence. The appellant had admitted to searching the Internet for child pornography and was in possession of over 1000 images of children. Nor do we find that trial counsel acted improperly when he argued that the victims depicted in these photos were the "real victim[s]" in this case.

We do find, however, that it was improper for trial counsel to describe the appellant's sentencing case as "insulting" and "ridiculous," because by doing so, he injected his own opinion of the evidence.[1] Thus, we find these comments were improper and amount to error.

---

[1] In *Fletcher*, 62 M.J. at 180, the court found error when the trial counsel described Technical Sergeant Fletcher's defense with such terms as "nonsense," "fiction," "unbelievable," "ridiculous" and "phony."

Although we find error within trial counsel's sentencing argument, the error is not plain and obvious. The case was tried before a military judge rather than before members, and there is nothing in the record to suggest that the military judge considered the improper comments in deciding a sentence. A military judge is presumed to know the law and follow it correctly. *United States v. Sanders*, 67 M.J. 344, 346 (C.A.A.F 2009). Judges are presumed to filter out inadmissible and inappropriate evidence when making decisions as to guilt, innocence, or sentence. *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997). Therefore, any improper comments made by trial counsel during his sentencing argument were presumed to be disregarded by the military judge and did not impact the appellant's sentence.

Here, even assuming *arguendo* that the errors made by trial counsel were "plain and obvious," the appellant was not materially prejudiced by the improper comments. The weight of the evidence, the limited scope of trial counsel's improper comments, and the sentence awarded by the military judge all convince us that the appellant received a fair trial and was sentenced based on the evidence alone. *Marsh*, 70 M.J. at 107.

## Conclusion

The findings and the sentence as approved by the convening authority are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

4