# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

_____

### No. 201700327

_____

### UNITED STATES OF AMERICA
Appellee

v.

### CHRISTOPHER T. PENA
Lance Corporal (E-3), U.S. Marine Corps
Appellant

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Major John L. Ferriter, USMC.
Convening Authority: Commanding General , Marine Corps
Installations West-Marine Corps Base, Camp Pendleton, CA.
Staff Judge Advocate's Recommendation: Lieutenant Colonel Todd
Enge, USMC.
For Appellant: Commander Brian L. Mizer, JAGC, USN.
For Appellee: Major David N. Roberts, USMCR; Captain Sean M.
Monks, USMC.

_____

Decided 5 June 2018

_____

Before HUTCHISON, FULTON, and SAYEGH, *Appellate Military Judges*

_____

**This opinion does not serve as binding precedent but may be cited as
persuasive authority under NMCCA Rule of Practice and Procedure
18.2.**

_____

PER CURIAM:

A military judge, sitting as a general court-martial convicted the appellant,
pursuant to his pleas, of two specifications of violating a lawful order, one
specification of assault consummated by a battery, one specification of
aggravated assault, and two specifications of abusing an animal, in violation
of Articles 92, 128, and 134, Uniform Code of Military Justice (UCMJ), 10

U.S.C. §§ 892, 928, and 934. The military judge sentenced the appellant to six years' confinement, reduction to pay grade E-1, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged.

In his sole assignment of error, the appellant contends that his sentence to six years' confinement and a dishonorable discharge is inappropriately severe. After careful consideration of the record of trial and the pleadings of the parties, we conclude the findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant married his wife in June 2016 and they resided together aboard Camp Pendleton, California. In August 2016, the appellant began physically abusing his wife. In February 2017, after hosting a party in their home where the appellant became intoxicated, he strangled his wife by placing both hands around her throat and choking her until she lost consciousness. The appellant then left his unconscious wife on the floor, immediately found the couple's two ten-week-old kittens, and repeatedly threw them against a wall until they were dead. The following day, the appellant's commanding officer (CO) placed him in pretrial confinement and issued him a military protective order (MPO) prohibiting him from contacting his wife or coming within 500 feet of her. The appellant violated the MPO by leaving his wife phone messages and accepting visits from her at the brig.

## II. DISCUSSION

The appellant argues that his approved sentence of six years' confinement and a dishonorable discharge is inappropriately severe when compared to what he asserts are similar cases that resulted in lighter sentences. We disagree.

We review sentence appropriateness *de novo*. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires our "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). In making this assessment, we analyze the record as a whole. *Healy*, 26 M.J. at 395. Despite our significant discretion in determining sentence appropriateness, we must remain mindful that we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

As a general rule, "sentence appropriateness should be determined without reference to or comparison with the sentences received by other offenders."

*United States v. Ballard,* 20 M.J. 282, 283 (C.M.A. 1985) (citations omitted). One narrow exception to this general rule requires this court "to engage in sentence comparison with specific cases . . . in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases." *United States v. Wacha,* 55 M.J. 266, 267 (C.A.A.F. 2001) (citations and internal quotation marks omitted). When requesting relief under this exception, an appellant's burden is twofold: the appellant must demonstrate "that any cited cases are 'closely related' to his or her case and that the resulting sentences are 'highly disparate.'" *Lacy*, 50 M.J. at 288. If the appellant succeeds on both prongs, then the burden shifts to the government to "show that there is a rational basis for the disparity." *Id.*

For cases to be considered closely related, "the cases must involve offenses that are similar in both nature and seriousness or which arise from a common scheme or design." *United States v. Kelly,* 40 M.J. 558, 570 (N.M.C.M.R. 1994). This threshold requirement can be satisfied by evidence of "co[-]actors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared[.]" *Lacy,* 50 M.J. at 288-89 (finding cases were closely related "where appellant and two other Marines engaged in the same course of conduct with the same victim in each other's presence").

Here, the appellant's request for sentence comparison and relief is based on four cases he argues are similar in nature. All four cases include convictions for aggravated assault (choking) and assault, with three of the cases involving a spouse, former spouse, or girlfriend as the victim.[1] However, the mere similarity of offenses is insufficient to demonstrate that the cases are closely related. *United States v. Washington*, 57 M.J. 394, 401 (C.A.A.F. 2002); *United States v. Swan*, 43 M.J. 788, 793 (N-M. Ct. Crim. App. 1995).

We find no "direct nexus" between the appellant's misconduct and that of his proposed comparison cases, especially when considering the appellant's specifications involved the additional serious misconduct of abusing animals. *Lacy*, 50 M.J. at 288. Moreover, the appellant cannot identify any close relationship between his case and the other four. The cases cited by the appellant were convened by commands of the Army, Marine Corps, Air Force, and Coast Guard. Far from being "co-actors" or "servicemembers involved in a common or parallel scheme," the appellant's offenses and those committed by

---

[1] Appellant's Brief of 20 Feb 2018 at 6,7. (*United States v. Weatherspoon*, 49 M.J. 209 (C.A.A.F. 1998); *Untied States v. Odom*, No. 201500088, 2015 CCA LEXIS 361 (N-M. Ct. Crim. App. 31 Aug 2015); *United States v. Sellers,* No. 20150045, 2017 CCA LEXIS 271 (A. Ct. Crim. App. 20 Apr 2017), *rev. denied*, 76 M.J. 438 (C.A.A.F. 2017); *United States v. McClary*, 68 M.J. 606 (C.G. Ct. Crim. App. 2010).

the other four accused took place at different times, in different parts of the world, in three of the four cases within different branches of the service, and in every case involved unrelated victims with different factual circumstances. Therefore, the appellant has failed to satisfy his burden of showing that his case and the cases he cites are closely related.

During presentencing, the appellant apologized to his spouse and presented mitigation evidence that he was raised in a broken home with divorced parents, that he suffered physical abuse as a child at the hands of his mother's boyfriends, and that sometimes he had to find places to sleep outside of his home. He claimed that growing up in this environment caused him to begin abusing alcohol in high school to such an extent that he considered himself an alcoholic prior to enlisting in the Marine Corps. However, the offenses for which the appellant was convicted included repeated acts of violence against his physically weaker spouse. The most serious involved the appellant choking his spouse into unconsciousness. The appellant admitted that he "could have killed her."[2] Morever, after choking his spouse into unsciouness, the appellant brutally killed their two kittens. The maximum punishment for the appellant's offenses includes confinement for over 14 years and a dishonorable discharge. Under these circumstances, we find the seriousness of the offenses for which the appellant was convicted far outweighs the mitigation evidence presented. We also note that the adjudged six years' confinement represents less than half of the authorized maximum confinement.

Having given individualized consideration to the nature and seriousness of these crimes, the appellant's record of service, and the entire record of trial, we conclude the sentence is not inappropriately severe and is appropriate for this offender and his offenses. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.SF. 2005); *Healy*, 26 M.J. at 395-96; *Snelling*, 14 M.J. at 268. Granting sentence relief at this point would be to engage in clemency, which we decline to do. *Healy*, 26 M.J. at 395-96.

## II. CONCLUSION

The findings and the sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court

---

[2] Record at 30.