UNITED STATES, Appellee,

v.

Sergeant Carlton B. WHITE, Jr., 225–84–5036, United States Army, Appellant.

ACMR 9000765.

U.S. Army Court of Military Review.

5 July 1991.

**556**

## OPINION OF THE COURT

HAESSIG, Judge:

Pursuant to his plea, the appellant was convicted by a special court-martial composed of officer members of wrongful use of cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1982 & Supp V 1987). His approved sentence provided for a bad-conduct discharge, confinement for five months, with that portion in excess of ninety days suspended for one year, and reduction to the lowest enlisted grade.

Appellant assigned as error a ruling by the military judge during presentencing proceedings permitting the trial counsel to test the basis of a defense witness' opinion of appellant's duty performance. We then specified three issues:

### I

WHETHER THE MILITARY JUDGE ERRED BY PERMITTING TRIAL COUNSEL TO ARGUE FACTS NOT IN EVIDENCE.

### II

IF THE MILITARY JUDGE ERRED, WAS SUCH ERROR WAIVED BY THE TRIAL DEFENSE COUNSEL'S FAILURE TO OBJECT?

### III

IF THE MILITARY JUDGE ERRED, AND THE ERROR WAS NOT WAIVED, WAS THE ERROR PREJUDICIAL?

▐ During presentencing proceedings, trial defense counsel established from Sergeant First Class (SFC) Parecco, one of appellant's military supervisors, that she had known appellant, a psychiatric technician, for two years and "that as far as his duty performance" was concerned appellant was "clinically very proficient." She also testified that the appellant was a "very determined individual" who, "if he wanted something, he would go after it."

For Appellant: Captain Timothy P. Riley, JAGC, Captain Jay S. Eiche, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC, Captain Karen R. O'Brien, JAGC, Captain Marcus A. Brinks, JAGC (on brief).

Before GRAY, FOREMAN and HAESSIG, Appellate Military Judges.

Prior to cross-examining SFC Parecco, trial counsel requested, and was granted, a hearing without the presence of the members pursuant Article 39a, Uniform Code of Military Justice, 10 U.S.C. § 839a (1982), to obtain a ruling from the military judge on her proposed testing of the basis of SFC Parecco's opinion of appellant. She told the military judge that "Sergeant White has had another use of cocaine since this one in December. And I wanted to inquire from Sergeant Parreco about that." The following colloquy between the trial counsel and SFC Parecco ensued:

Q. You have stated that you're basing your opinion on knowing Sergeant White for two years, is that correct?

A. Yes, Ma'am.

Q. And how well do you know him? How well do you feel that you know him?

A. I interface with him sometimes on a daily basis when he was acting in a Ward Master's absence. Sometimes it was every other day that I would interact with Sergeant White because of the fact that he did rotate shifts.

Q. Are you basing your opinion on whether or not he can make a come back and can make a change as Captain Tully asked you on the fact that you know of only one [c]ocaine use that he has had? What are you basing that on? Are you basing that on the one charged use of Cocaine (sic)?

A. No, Ma'am. I am not. I am basing it on him as an individual and the fact that he has made a mistake.

Q. Okay. You stated that he made "a mistake". Would your opinion change if you knew that after he was charged, he came up positive for [c]ocaine again on a Command Sweep in December?

A. I honestly don't know. I didn't know—I—I—I don't know.

Trial defense counsel objected, not on the ground that trial counsel lacked a good faith basis on which to base the question, but on the ground that he had not opened the door as to whether appellant was a good soldier. The military judge found that the defense had opened the "good soldier" door sufficiently for the trial counsel to ask the traditional "do you know" or "have you heard" question. *See Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *United States v. Pearce,* 27 M.J. 121 (C.M.A.1988); Manual for Courts–Martial, United States, 1984, Military Rule of Evidence 405(a) and (b) [hereinafter Mil.R.Evid.]; Saltzburg, Schinasi & Schlueter, *Military Rules of Evidence Manual* (2d ed. 1986) 380–382. *Compare United States v. Kitching,* 23 M.J. 601 (A.F.C.M.R.1986), *petition denied,* 24 M.J. 441 (C.M.A.1987) (cross-examination of defense character witness during presentencing proceedings constituting "gratuitous character assassination" condemned) *with United States v. Hallum,* 31 M.J. 254 (C.M.A.1990) (rebuttal evidence of uncharged drug use proper during presentence proceedings after defense portrayed accused as a good soldier).

With the members present, the above colloquy was reenacted with SFC Parecco's answer to trial counsel's "do you know" question being "I don't know. This is news to me. I don't know. Now, I don't know." As we noted in *United States v. Peterson,* 26 M.J. 906, 908 (A.C.M.R.1988):

[A] lay witness who has given an opinion on direct examination may be called upon to give his or her reasons therefore on cross-examination to weaken or destroy the persuasive value of the opinion. A wide latitude should be permitted by the military judge in such an examination. *See* Mil.R.Evid. 611(b). Absent an abuse of discretion we will not disturb the trial ruling. *See generally* 2 Wharton's Criminal Evidence § 396 (C. Torcia 14th ed. 1986).

We hold that the military judge did not abuse his discretion in permitting the trial counsel to test the basis of the defense witness' opinion. Accordingly, we find appellant's assignment of error to be without merit.

During closing argument on sentence, the trial counsel referred to the uncharged cocaine use she used to test the basis of SFC Parecco's opinion. She argued to the members that:

We have a soldier working in that hospital who uses [c]ocaine. And who abused cocaine, not one time, as was brought out by the testimony of a witness, but after he had been charged and was enrolled in the ADAPCP program, this soldier used [c]ocaine in December as it was detected on a Command Sweep Urinalysis. So we are not talking about one use of [c]ocaine.

 Suggestive questions concerning specific instances of misconduct need only "be based on a good faith belief" that the act occurred; "the cross-examiner is not allowed to prove the existence" of the misconduct and, the "information contained in the questions is not evidence." Saltzburg, Schinasi and Schlueter, *supra* at 382. Because no evidence of the appellant's subsequent use of cocaine was before the members, trial counsel's argument of facts not in evidence was improper. *United States v. Rutherford*, 29 M.J. 1030 (A.C.M.R. 1990); *United States v. Falcon*, 16 M.J. 528 (A.C.M.R.1983), *petition denied*, 17 M.J. 314 (C.M.A.1984). Further, the military judge erred in failing to *sua sponte* interrupt the argument and give an appropriate instruction to the members. *United States v. Horn*, 9 M.J. 429 (C.M.A.1980); *United States v. Knickerbocker*, 2 M.J. 128 (C.M.A.1977). Notwithstanding these errors, trial defense counsel neither objected to the argument nor requested an appropriate limiting instruction from the military judge. Rather, he attempted to capitalize on trial counsel's improper argument by arguing to the members as follows:

> Obviously, as you heard from the second urinalysis, [appellant] has got a problem. It doesn't make sense that somebody would up [sic] positive again after being charged with the use if they didn't have a drug problem.... Sergeant White definitely personally needs treatment. He desires that treatment and has sought it and wants to continue to seek that treatment. He is a determined individual as you have heard. Rehabilitation works.
>
> ....
>
> The defense is realistic. We are not going to pretend that you are going to keep

him in the service. But the [d]efense would request in lieu of confinement that you allow him to go home to his family so that he can seek treatment. We request a discharge in short for the good of the service.

We hold that the military judge erred by allowing the trial counsel to argue facts not in evidence; however, we are satisfied that the error was harmless in the factual context of this case. Therefore, we need not address the issue whether the error was waived.

We have also considered appellant's contention that his sentence is too severe, and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Chief Judge GRAY and Senior Judge FOREMAN concur.