UNITED STATES, Appellee,

v.

Carlton B. WHITE, Jr., Sergeant
U.S. Army, Appellant.

No. 67,444.
CM 9000765.

U.S. Court of Military Appeals.

Argued Nov. 2, 1992.
Decided Feb. 25, 1993.

For Appellant: *Captain Robert H. Pope* (argued); *Lieutenant Colonel James H. Weise* and *Captain Alan M. Boyd* (on brief); *Captain Jay S. Eiche.*

For Appellee: *Captain John P. Saunders* (argued); *Lieutenant Colonel Daniel J. Dell'Orto, Major Joseph C. Swetnam, Captain Marcus A. Brinks* (on brief).

*Opinion of the Court*

COX, Judge:

We must decide whether trial counsel's argument at sentencing exceeded the bounds of fair comment by mentioning facts not in evidence and, if so, whether the error warrants a rehearing on sentence. We conclude that the argument was improper; however, under the facts of this case, appellant is entitled to no relief.

I

Appellant was tried before a special court-martial composed of officer members at Fort McNair, Washington, D.C. Pursuant to his pleas, he was convicted of a single instance of wrongfully. using cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a.

He was sentenced to a bad-conduct discharge, confinement for 5 months, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority approved the sentence but suspended confinement in excess of 90 days for 1 year, at which time, unless sooner vacated, the suspended portion of the sentence would be remitted without further action.

The Court of Military Review specified three related issues for review and subsequently affirmed the findings and sentence.[1] 33 MJ 555 (1991). Appellant petitioned this Court, and further review of the following issue was granted:

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY HOLDING THAT THE MILITARY JUDGE'S ERROR IN PERMITTING TRIAL COUNSEL TO ARGUE FACTS NOT IN EVIDENCE WAS HARMLESS.

For the reasons set forth below, we uphold the decision of the Court of Military Review.

II

The argument by trial counsel which gave rise to the granted issue took place during the hearing to determine an appropriate sentence for appellant's conviction of a single use of cocaine. At sentencing, the Government called no witnesses, but merely offered appellant's personnel records (DA Forms 2A and 2–1).

Trial defense counsel then presented appellant's sentencing evidence. First, one character witness was called to testify. That witness was appellant's supervisor, Sergeant First Class Parreco, the Chief Ward Master of the Medical Surgical Section at Walter Reed Army Medical Center. Sergeant Parreco managed a section made up of seven wards, including "Ward 55" where appellant was "one of [her] psychiatric technicians." Parreco testified that she had known appellant for over 2 years and that "[h]e was clinically very proficient"; had "excellent rapport with supervisors, patients, and staff"; "was very dependable"; and was "a very determined individual. If he wanted something, he would go after it."

At the conclusion of trial defense counsel's direct examination and prior to cross-examination of Parreco, trial counsel requested a session under Article 39(a), UCMJ, 10 USC § 839(a). Trial counsel sought the judge's permission to ask Parreco about another positive, uncharged urinalysis test taken by appellant.[2] Trial counsel argued that the line of questioning was necessary to test the witness' "knowledge of" appellant, the "basis of" her opinion. After hearing arguments from both counsel, the military judge allowed trial counsel's question over defense objection. The judge reasoned that defense counsel had opened the "good soldier" door sufficiently for trial counsel to ask a traditional "Do you know?" or "Have you heard?" question. *See Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *United States v. Pearce*, 27 MJ 121 (CMA 1988); Mil.R.Evid. 405(a) and (b), Manual for Courts–Martial, United States, 1984.

With the judge's approval and before the members, trial counsel asked Sergeant Parreco whether "her opinion" of appellant would "change if" she "knew" appellant "had again used Cocaine ...."? She replied, "I don't know. This is news to me. I don't know. Now, I don't know." On redirect, trial defense counsel asked Parreco "if ... [appellant] received proper treatment for any drug problem that he may have, would you work with him again, based on your work experience with him ...."? She responded, "With proper treat-

---

1. The "related" specified issues addressed by the Court of Military Review included:

I

WHETHER THE MILITARY JUDGE ERRED BY PERMITTING TRIAL COUNSEL TO ARGUE FACTS NOT IN EVIDENCE.

II

IF THE MILITARY JUDGE ERRED, WAS SUCH ERROR WAIVED BY THE TRIAL DEFENSE COUNSEL'S FAILURE TO OBJECT?

III

IF THE MILITARY JUDGE ERRED, AND THE ERROR WAS NOT WAIVED, WAS THE ERROR PREJUDICIAL?

2. Appellant's charge and specification for cocaine use arose from a use occurring in September of 1989.

ment, yes, sir, I would." However, Parreco's language, as the record of trial reflects, paled when compared to her endorsement during direct examination.

Appellant also made an unsworn statement in which he talked about his drug "problem." In response to a question asked by his counsel, he stated:

"I have been dealing with that problem [cocaine use] and I have been seeking treatment."

During closing argument on sentencing, trial counsel stated:

We have a soldier working in that hospital who *uses* Cocaine. And *who abused Cocaine not one time*, as was brought out by the testimony of a witness, but after he had been charged and was enrolled in the ADAPCP Program, *this soldier used Cocaine in December* as it was detected on a Command Sweep Urinalysis. *So we are not just talking about one use of Cocaine.*

(Emphasis added.) No objections were made to this argument, and the military judge did not prohibit it or give a limiting instruction. However, during sentencing instructions to the members, the military judge did advise:

Although you must give due consideration to all matters in mitigation and extenuation as well as those in aggravation, *you must bear in mind that the accused is to be sentenced only for the offense of which he has been found guilty.*

(Emphasis added.)

The Court of Military Review held that, regarding trial counsel's sentencing argument, the military judge erred first by not "*sua sponte* interrupt[ing] the argument" and later by not limiting use of the language. However, because defense counsel did not object, the court held no prejudice resulted from the errors. 33 MJ at 558.

## III

This Court has consistently cautioned counsel to "limit" arguments on findings or sentencing "to evidence in the record and to such fair inferences as may be drawn

therefrom." *United States v. Nelson,* 1 MJ 235, 239–40 (CMA 1975), *citing United States v. Johnson,* 12 USCMA 602, 31 CMR 188 (1962) (on findings, trial counsel argued lack of advancement in rating and dismissal from a service school with opportunity to retake instruction); *United States v. King,* 12 USCMA 71, 30 CMR 71 (1960) (on sentencing, trial counsel mentioned sentences in other similar cases as a yardstick). The danger of such arguments clearly impacts an accused's right of confrontation and the opportunity to impeach the source of the adverse comment. *United States v. Clifton,* 15 MJ 26 (CMA 1983), *citing generally McCormick's Handbook on the Law of Evidence* § 33 *et seq.* (2d ed.1972).

In this case the record indicates, and the Government has conceded, that trial counsel's argument at sentencing "was improper." *See* Answer to Final Brief at 4. We agree with appellant, the Court of Military Review, and Government appellate counsel and hold that trial counsel's argument at sentencing exceeded the bounds of "evidence" or "fair inferences" as could be drawn and, therefore, was error. However, unless such error was obvious and so substantial as to have an unfair prejudicial impact, *United States v. Fisher,* 21 MJ 327 (CMA 1986), the error was waived by defense counsel's failure to make timely objection at trial. Mil.R.Evid. 103. Although trial defense counsel did object to the question regarding the uncharged drug use at the time it was addressed to Sergeant Parreco, we conclude that this objection referred only to the cross-examination and was not broad enough to cover the commentary made during sentencing argument on evidence not before the court.

We conclude that, under the circumstances of this case, the error did not amount to plain error. We reach this decision because of appellant's statements at trial, his defense counsel's handling of the situation, and the military judge's actions. First, the accused himself referred to his "wrongful use of Cocaine" and to how he had "been dealing with that problem and

... seeking treatment." It is not difficult to infer that appellant's "problem" refers to an ongoing course of conduct, not a one-time happening. Second, defense counsel also addressed appellant's "problem" with cocaine during the sentencing argument, where he specifically stated:

> Obviously, as you heard from the second urinalysis, [appellant] has got a problem. It doesn't make sense that somebody would [show] up positive again after being charged with the use if they didn't have a drug problem .... Sergeant White definitely personally needs treatment. He desires that treatment and has sought it and wants to continue to seek that treatment. He is a determined individual as you have heard. Rehabilitation works. It can work. But the first step is acknowledging that you have a problem which he has done. The next step is to get whatever help is necessary.

(Emphasis added.)

■ In both instances, appellant's unsworn statement and defense counsel's argument, the members heard about the "problem" and how he wanted to seek treatment. Finally, the military judge provided an instruction to cure any error when he warned the members that appellant was "to be sentenced only for the offense of which he has been found guilty."

Although we acknowledge appellant's assertion that an instruction on the level of that found in the judge's handbook[3] and offered in the case of uncharged misconduct would certainly cure any such error, we also conclude that the judge's instruction in this case was sufficient, particularly in light of the defense effort to prove that appellant was a good soldier with a drug problem.

3. Paragraph 7–13, Note, Military Judges' Benchbook at 7–21 (Dept. of the Army Pamphlet 27–9, 1 May 1982), states:
When evidence which may raise an inference of acts of uncharged misconduct by the accused has been admitted on findings or sentence for a limited purpose only, there is normally no *sua sponte* duty to instruct the

## IV

■ Lastly, in any event, we are of the opinion that the argument by trial counsel did not substantially prejudice any rights of appellant. Art. 59(a), UCMJ, 10 USC § 859(a). At issue in sentencing was what punishment was appropriate for the single use of cocaine by appellant, a noncommissioned officer in the Army. The charge carried a maximum punishment of confinement for 5 years, total forfeitures, reduction in rank, and a dishonorable discharge. Para. 37e(1)(a), Part IV, Manual, *supra.* Because trial was by special court-martial, however, appellant faced the possibility of 6 months' imprisonment, forfeiture of two-thirds of his pay per month for 6 months, reduction to the lowest enlisted grade, and a bad-conduct discharge. Art. 19, UCMJ, 10 USC § 819. His sentence only included confinement for 5 months, no forfeitures, and a bad-conduct discharge. Furthermore, he also received the benefit of a pretrial agreement, which provided for suspension of confinement exceeding 90 days. Under the totality of the circumstances, we are satisfied that appellant is not entitled to a rehearing on his sentence because of this error.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD and GIERKE concur.

WISS, Judge (concurring in part and in the result):

I prefer not to dispose of this appeal by relying upon waiver purportedly based on appellant's failure to object to trial counsel's argument and to request immediate curative instructions and from his failure to request special limiting instructions from the military judge. *Compare United*

court on sentence to disregard such evidence or to consider it for a limited purpose only. Although the court on sentence is ordinarily permitted to give general consideration to such evidence, it should not be unnecessarily highlighted.
*Accord* RCM 1001(f)(2)(A), Manual for Courts–Martial, United States, 1984.

*States v. Horn,* 9 MJ 429, 430 (CMA 1980), and authorities cited therein, *with* RCM 1001(g) and 1005(f), Manual for Courts–Martial, United States, 1984. *See also United States v. Grandy,* 11 MJ 270, 275 (CMA 1981).

Instead, I am satisfied that trial counsel's erroneous argument was harmless, so I concur in Part IV of the majority opinion.

In addition to the factors mentioned by the majority in this regard, I am further persuaded by appellant's expressed request for a bad-conduct discharge and the fact that, apparently having survived the period of suspension without further incident (at least we are not advised to the contrary), his approved sentence to confinement extended only to 3 months.