# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Senior Airman DAVID N. CHANG
### United States Air Force

### ACM S32279

### 07 October 2015

Sentence adjudged 12 November 2014 by SPCM convened at Beale Air Force Base, California. Military Judge: Jill M. Thomas (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 3 months, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Annie W. Morgan.

Appellate Counsel for the United States: Captain J. Ronald Steelman III and Gerald R. Bruce, Esquire.

Before

HECKER, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BROWN, Judge:

At a judge alone special court-martial, Appellant was convicted, consistent with his plea, of divers use of methamphetamine, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 3 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

On appeal, Appellant contends that trial counsel improperly argued during sentencing that Appellant was a liar. He also argues that his sentence is inappropriately severe.[1] We disagree and affirm the findings and sentence.

*Background*

Over approximately a month-long period of time between August and September 2014, Appellant used methamphetamine on 10 to 15 occasions. Appellant's drug use was discovered after he failed several urinalysis tests.

During sentencing, the Government's sole witness was Appellant's supervisor, Technical Sergeant (TSgt) KC. TSgt KC testified that he believed Appellant currently had a low potential to be rehabilitated to a useful and constructive place in society. During trial defense counsel's cross-examination, however, TSgt KC clarified that he did believe Appellant could have good rehabilitative potential if Appellant was able to meet certain conditions. Among the conditions listed by TSgt KC was that Appellant needed to start telling the truth.

Appellant, in his unsworn statement, volunteered that he had previously lied to his supervisor about why he was late to work and that he was ashamed about doing so. He also explained that he believed being honest was one of the things he needed to do to ensure he did not regress back to using drugs. Appellant ultimately asserted in his unsworn statement that he believed that he had turned the corner and made improvements in his life such that he would not use methamphetamine in the future.

*Sentencing Argument of Trial Counsel*

Appellant argues that trial counsel committed error when he purportedly called Appellant a "liar" during his rebuttal sentencing argument. We find trial counsel's argument was not error, plain or otherwise, and did not substantially prejudice the rights of Appellant.

During the defense sentencing argument, trial defense counsel addressed how Appellant had already met many of the conditions referenced by TSgt KC, arguing Appellant was now ready to move forward without using illegal drugs. In rebuttal, trial counsel countered as follows:

> Defense counsel . . . walked you through a little bit of what [TSgt KC] said, but they neglected to mention that one of the things that [TSgt KC] said that the accused needed to do was to stop lying, which isn't an insignificant point because given that his own supervisor believes that he is a liar and that he

---

[1] Sentence severity was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

has a history of making promises and then not following through on them, it is certainly fair to suggest that anything the accused . . . says about his own rehabilitation potential, or whether he is better now and doesn't need any more correction [,] should be taken with a grain assault [sic].[2]

Trial defense counsel did not object, and neither requested nor provided a rebuttal argument.

Our test for improper argument is "whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused." *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000). Whether argument is improper is a question of law we review de novo. *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011) (citing *United States v. Pope*, 69 M.J. 328, 334 (C.A.A.F. 2011)). If trial defense counsel failed to object to the argument at trial, we review for plain error. *Id.* To establish plain error, the appellant must prove: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007)).

"[T]rial counsel is at liberty to strike hard, but not foul, blows." *United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007) (quoting *Baer*, 53 M.J. at 237). It is improper for trial counsel to seek unduly to inflame the passions and prejudices of the sentencing authority. *Marsh*, 70 M.J. at 102. Trial counsel also shall not inject irrelevant matters, such as personal opinions or facts not in evidence. *United States v. Fletcher*, 62 M.J. 175, 180, 183 (C.A.A.F. 2005). Stated conversely, trial counsel is limited to arguing the evidence in the record and the inferences fairly derived from that evidence. *See United States v. Paxton*, 64 M.J. 484, 488 (C.A.A.F. 2007); *United States v. White*, 36 M.J. 306, 308 (C.M.A. 1993). Whether or not the comments are fair must be resolved when viewed within the entire court-martial. *United States v. Gilley*, 56 M.J. 113, 121 (C.A.A.F. 2001).

As an initial matter, the fact Appellant had previously lied was a matter properly before the court in sentencing. In the face of TSgt KC's opinion that Appellant had low rehabilitative potential, the trial defense counsel elected to elicit that this opinion would change if certain conditions were met. As one of those conditions was that Appellant needed to start telling the truth, it was a fair inference that Appellant had not always been truthful with his supervisor in the past. The decision to elicit this testimony was a reasonable, tactical decision by the trial defense counsel, designed to minimize the impact of the Government's sole sentencing witness. The defense then incorporated this strategy into both of Appellant's unsworn statements, where he admitted that he had previously lied to his supervisor and others and expressed how ashamed he was of those actions, and

---

[2] In the context of this argument and the record, it is clear that this was a scrivener's error and counsel actually argued or intended to argue "a grain of salt" rather than "a grain assault."

the sentencing argument, where trial defense counsel argued that Appellant had generally met the conditions necessary to have good rehabilitative potential. Consequently, that Appellant had previously lied to his supervisor constituted facts properly before the court.

Furthermore, considering the full context of the evidence and argument, trial counsel's reference to Appellant's prior dishonesty was not improper. Trial counsel did not personally opine that Appellant was a liar or was deserving of greater punishment because he may have previously been dishonest.[3] Rather, trial counsel made a fair inference about TSgt KC's opinion of Appellant and used this to caution the military judge from taking at face value any self-serving statements made by Appellant regarding his own rehabilitative potential. This was not name-calling to inflame the sentencing authority, but a proper use of the evidence elicited and used by Appellant during the sentencing case.

Furthermore, even if this aspect of the trial counsel's argument was improper, we find no material prejudice to any substantial right of Appellant. His case was tried before a military judge sitting alone. Military judges are presumed to know and follow the law absent clear evidence to the contrary. *Erickson*, 65 M.J. at 224. Our superior court has also recognized, "As part of this presumption we further presume that the military judge is able to distinguish between proper and improper sentencing arguments." *Id.* The lack of a defense objection to trial counsel's argument is "some measure of the minimal impact" of the argument. *Gilley*, 56 M.J. at 123 (quoting *United States v. Carpenter*, 51 M.J. 393, 397 (C.A.A.F. 1999)) (internal quotation marks omitted).

*Sentence Appropriateness*

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant argues that a bad-conduct discharge is inappropriately severe for a 10 to 15 time methamphetamine user considering the potential role that post-traumatic stress disorder may have played in his initial decision to begin using methamphetamines and his subsequent positive progress in drug treatment.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only . . . the sentence or such part or amount of the sentence, as [we] find[] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). In determining whether a sentence should be approved, our authority is "not legality alone, but legality limited by appropriateness." *United States v. Nerad*, 69 M.J. 138, 141

---

[3] An accused's mendacity may be considered in sentencing, subject to certain limitations, namely that the accused must have willfully lied under oath to the court about a material matter, and only insofar as it bears upon the likelihood that the accused can be rehabilitated. *United States v. Jenkins*, 54 M.J. 12, 19 (C.A.A.F. 2000).

(C.A.A.F. 2010) (quoting *United States v. Atkins*, 23 C.M.R. 301, 303 (C.M.A. 1957)). This authority is "a sweeping congressional mandate to the Courts of Criminal Appeals to ensure a fair and just punishment for every accused." *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005). This task requires "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (internal quotations omitted).

We have given individualized consideration to this particular Appellant, the nature and seriousness of the offense, Appellant's record of service, and all other matters contained in the record of trial. We find that the approved sentence of 3 months confinement, reduction to E-1, and a bad-conduct discharge was appropriate based on the facts and circumstances of this particular case and was not inappropriately severe.[4]

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court

---

[4] Although not raised as an issue on appeal, we note that the convening authority was not advised in the Staff Judge Advocate Recommendation (SJAR) regarding limitations on what relief the convening authority could provide under Article 60(c). *See* Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 9.16.3 (6 June 2013) (as modified by Air Force Guidance Memorandum 2014-01 (25 September 2014)). As the offense occurred on or after 24 June 2014, the convening authority did not have the authority to disapprove, commute, or suspend the adjudged punitive discharge. *See* National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, § 1702(b)(4)(A), 127 Stat. 672, 955-56 (codified as amended at 10 U.S.C. § 860); *see also* AFI 51-201, ¶ 9.23.3 (25 September 2014). Assuming, arguendo, that the failure to instruct on this clemency limitation is error, we find no material prejudice to a substantial right of Appellant.