# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Senior Airman DAVID J. STANFORD
### United States Air Force

### ACM 38615

### 15 October 2015

Sentence adjudged 14 March 2014 by GCM convened at Royal Air Force Mildenhall, United Kingdom. Military Judge: Mark L. Allred.

Approved Sentence: Bad-conduct discharge, hard labor without confinement for 14 days, reduction to E-2, and a reprimand.

Appellate Counsel for Appellant: Major Jeffrey A. Davis and Major Isaac C. Kennen.

Appellate Counsel for the United States: Major Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

MITCHELL, TELLER, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BROWN, Judge:

Appellant was convicted, contrary to his pleas, at a general court-martial comprised of officer members, of one specification of conspiracy to commit larceny, five specifications of larceny of military property of a value more than $300, one specification of larceny of military property of a value less than $500, and one specification of making a false or fraudulent claim, in violation of Articles 81, 121, and 132, UCMJ, 10 U.S.C. §§

881, 921, 932.[1]  The court sentenced Appellant to a bad-conduct discharge, 14 days hard labor without confinement, reduction to E-2, and a reprimand.  The sentence was approved as adjudged.

On appeal, Appellant contends that:  (1) he was subject to illegal, post-trial punishment by being forced to perform hard labor without confinement before the sentence was approved and executed by the convening authority, (2) the addendum to the staff judge advocate recommendation (SJAR) failed to provide accurate and proper advice to the convening authority by omitting any reference to the early imposition of the hard labor without confinement, and (3) trial counsel made improper argument during sentencing when trial counsel argued that the stolen funds would have been used "to put planes in the sky."  We disagree and affirm the findings and sentence.

*Background*

At all times relevant to these offenses, Appellant was assigned to the 95th Reconnaissance Squadron at RAF Mildenhall.  The squadron frequently deployed military members in support of Operation Enduring Freedom and other military operations.  In addition, because the squadron did not have any permanently assigned aircraft, squadron members were frequently sent on temporary duty for maintenance-related training.  Consequently, it was not unusual for many members of the squadron to be deployed or travelling on temporary duty at any given time.

Over an eight-month period of time, Appellant submitted and filed five fraudulent travel vouchers.  SSgt MH, a co-conspirator and the squadron resource advisor, would then approve the fraudulent vouchers.  Appellant also assisted SSgt MH by approving four of SSgt MH's fraudulent vouchers.  The scheme was later uncovered during an Air Force audit of travel vouchers.

*Illegal Punishment*

After Appellant became a subject of the investigation, Appellant was reassigned to work in the unaccompanied housing office on base.  These duties continued throughout the investigation, trial, and through submission of clemency.

During the submission of clemency, the defense requested, in part, that the convening authority set aside the 14 days of hard labor without confinement because the defense asserted that he had already completed that portion of the punishment. The defense had a three-fold basis supporting this request for clemency:  (1) Appellant's assertion that, following the court-martial, the squadron first sergeant told his supervisor to work Appellant harder; (2) character letters from Appellant's leadership in the housing

---

[1] Appellant was found not guilty of four specifications of larceny of military property of a value of more the $500.

office established that Appellant's work ethic both prior to and after the trial showed that he had more than fulfilled his hard labor sentence; and (3) that disapproving the hard labor would allow Appellant to return to his family more quickly.

On appeal, Appellant argues, based solely on the matters he submitted in clemency, that he was subjected to hard labor without confinement prior to that portion of the punishment being approved and that, when the sentence was later approved, Appellant was forced to serve hard labor without confinement in excess to the 14 days adjudged by the members.

Article 57(c), UCMJ, 10 U.S.C. § 857, provides that all sentences of a court-martial, other than forfeitures, reduction in grade, and confinement, will not take effect until the sentence is ordered executed. Accordingly, imposition of hard labor without confinement prior to approval and execution of that portion of the sentence would be error and Appellant may be entitled to relief. *See United States v. Adams*, ACM S26350 (A.F.C.M.R. 19 July 1984) (unpub. op.); *United States v. Fields*, 74 M.J. 619 (A.F. Ct. Crim. App. 2015). Appellant, however, must provide a sufficient factual basis to demonstrate an improper imposition of punishment to receive relief. *Cf. United States v. Springer*, ACM S29803, unpub. op. at 14–17 (A.F. Ct. Crim. App. 25 October 2001) (finding the appellant's allegation that a deferral of reduction of rank was terminated a day early was not sufficient to grant relief when the appellant failed to submit evidence demonstrating that he was not paid properly).

In this case, the generalized allegations and information provided by Appellant during clemency does not support that the punishment of hard labor without confinement was improperly imposed. "Hard labor without confinement is performed in addition to other regular duties and does not excuse or relieve a person from performing regular duties." R.C.M. 1003(b)(6), Discussion. Appellant's regular duties both before and after trial were to work in the housing office. As the clemency letters submitted by Appellant attest to, those duties could be difficult and Appellant apparently performed them diligently and conscientiously. Though Appellant highlighted how well he performed his duties at the housing office, there was nothing provided by Appellant setting forth what additional duties or work schedule leadership allegedly imposed following the court-martial. Appellant did allege that his First Sergeant instructed his supervisor to work him harder following the trial, but he did not allege whether his work hours or duties changed following this purported conversation.

Appellant has failed to demonstrate that the adjudged punishment of hard labor without confinement was imposed prematurely in violation of Article 57(c), UCMJ.

*Error in the SJAR and Addendum to the SJAR*

Appellant next argues that the addendum to the SJAR erroneously omitted reference to Appellant's claim that the hard-labor-without-confinement portion of his sentence was imposed improperly.

We review de novo alleged errors in post-trial processing. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004). R.C.M 1106(d) requires the SJAR to comment on any allegation of legal error raised in clemency. When an accused asserts legal error in his post-trial submissions, the SJAR must state, at a minimum, "a statement of agreement or disagreement with the matter raised by the accused." R.C.M. 1106(d)(4).

The Court of Appeals for the Armed Forces has established the following process for resolving claims of error connected to post-trial review: "First, an appellant must allege the error at the Court of Criminal Appeals. Second, an appellant must allege prejudice as a result of the error. Third, an appellant must show what he would do to resolve the error if given such an opportunity." *United States v. Wheelus*, 49 M.J. 283, 288 (C.A.A.F. 1998).

Distinguished from their role in clemency, the role of the convening authority with respect to defense claims of legal error "is less pivotal to an accused's ultimate interests." *United States v. Hamilton*, 47 M.J. 32, 35 (C.A.A.F. 1997). The convening authority can, and should in the interest of fairness and efficiency of the system, remedy legal error. The convening authority is not, however, required to do so. *Id.* The failure to address a defense claim of legal error in an addendum to an SJAR can be remedied through appellate litigation of the claimed error. *Id.* Consequently, it is appropriate for this court to consider whether any prejudice may have resulted from the failure to address the defense claims of legal error. *United States v. Welker*, 44 M.J. 85, 89 (C.A.A.F. 1996). An appellate finding that those alleged errors have no merit precludes a finding that the SJA's advice prejudiced the appellant. *Hamilton*, 47 M.J. at 36; *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005).

As an initial matter, we find that the request to disapprove 14 days of hard labor without confinement, as specifically articulated in this clemency request, did not constitute a request for relief premised on legal error. As presented, it was instead a request for clemency based upon the demonstrated work ethic of Appellant both prior to and after the court.

Appellant's defense attorney submitted a clemency letter on behalf of her client summarizing the relief requested and the basis for that relief. Although the defense included a paragraph titled "legal errors" in the clemency submission, that paragraph did not include any reference to hard labor without confinement or Appellant's work place

conditions in the housing office.  Instead, the defense included that plea for relief in a separate paragraph titled "SrA Stanford has already *effectively* served the portion of the sentence that calls for HLWC."  (Emphasis added.)  In supporting this request, the trial defense counsel referenced several character letters quoting the quality of Appellant's work and his supervisor's belief that he completed his hard labor "5 [to] 10 times fold." That referenced letter, however, clarifies that this belief is based on the great work he has provided to the office since being reassigned there eight months earlier.  The trial defense counsel also referenced Appellant's claim that the First Sergeant told Appellant's supervisor to work him harder following the trial, but provides no additional information regarding whether Appellant was worked harder or how his work conditions actually changed after the trial.  Although it is not necessary for a defense attorney to label a legal error as such, a choice by the defense attorney not to reference it in this fashion is illuminating.

Even assuming that Appellant sufficiently raised the imposition of hard labor as a legal error, we find that Appellant was not prejudiced by this omission.  The convening authority signed a memorandum contemporaneously with the action stating she had reviewed Appellant's petition for clemency with attachments prior to taking action in the case.  Further, Appellant failed to allege how he was prejudiced by the SJAR omitting any specific reference to this issue.  Appellant could, and did, raise this issue on appeal.

*Sentencing Argument of Trial Counsel*

Finally, Appellant argues that trial counsel's sentencing argument erroneously referenced facts not in evidence when trial counsel argued that the stolen funds were meant to be used to support putting "planes in the sky."

In sentencing, the government provided a stipulation of expected testimony stating that the fund sites on the false vouchers were funds to be used to support the unit, Operation Enduring Freedom, and Operation Odyssey Dawn. There was not any additional  testimony or evidence as to how these funds would have supported the unit or these military operations.

During trial counsel's sentencing argument, trial counsel argued:

> He stole tens of thousands of dollars from his unit, from his unit funds, and from named missions; from Operation Odyssey Dawn and Operation Enduring Freedom. *These are funds that are meant to put planes in the sky.* That is severe disregard for the law and for authority.  Tens of thousands of dollars meant to put planes in the sky.  This is bad conduct and that's what a bad conduct discharge is for; it's for bad conduct.  And you have a stack of character letters from the

accused, you have his EPRs, but keep in mind that this is the same person who was stealing time and time and time again. *Stealing money meant to put planes in the sky*; displaying total disregard for the Air Force, for its mission, for the law, and authority. Every member on this base needs to know that this is bad conduct. Every member in the Air Force needs to know that this is bad conduct; that we will not tolerate this lack of regard for our mission as an organization. [Fine] him $14,000, reduce him to E-1, confine him for 15 to 18 months, and give him a bad conduct discharge.

(Emphasis added).

Trial defense counsel did not object. In sentencing argument, however, trial defense counsel countered trial counsel's argument with the following:

The government talked about Odyssey Dawn, Enduring Freedom, launching planes, launching planes, launching planes. And what do they bring in in aggravation in sentencing today? They can have anybody testify. . . . And instead, what do you have? You have a stipulation of expected testimony with no actual impact. They are throwing it at that the dartboard seeing if it will hit. That's it. No actual impact. [They d]idn't say that certain planes couldn't launch. [Trial Counsel were] going to try to connect the dots there, but nothing. And they can bring those people in and they don't. No actual impact.

Whether argument is improper is a question of law we review de novo. *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011) (citing *United States v. Pope*, 69 M.J. 328, 334 (C.A.A.F. 2011)). If trial defense counsel failed to object to the argument at trial, we review for plain error. *Id*. To establish plain error, Appellant must prove: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id*. (quoting *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007) (internal quotation marks omitted).

"'[T]rial counsel is at liberty to strike hard, but not foul, blows.'" *United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007) (quoting *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000)). Accordingly, trial counsel may not "unduly . . . inflame the passions or prejudices of the court members," United *States v. Clifton*, 15 M.J. 26, 30 (C.M.A. 1983); or inject irrelevant matters, such as personal opinions or facts not in evidence, *United States v. Fletcher*, 62 M.J. 175, 180, 183 (C.A.A.F. 2005). Stated conversely, trial counsel is limited to arguing the evidence in the record and the

inferences fairly derived from that evidence.  *See United States v. Paxton*, 64 M.J. 484, 488 (C.A.A.F. 2007); *United States v. White*, 36 M.J. 306, 308 (C.M.A. 1993).  Whether or not the comments are fair must be resolved when viewed within the entire court-martial.  *United States v. Gilley*, 56 M.J. 113, 121 (C.A.A.F. 2001).

In determining if there was prejudice we balance three factors:  (1) the severity of the misconduct, (2) the curative measures at trial, and (3) the weight of the evidence.  *Fletcher*, 62 M.J. at 184.

On appeal, Appellant asserts that it was plain error for trial counsel to argue that the stolen funds were meant to put planes in the air because there was no evidence that the stolen funds directly supported flying operations, that the squadron did not have any airplanes assigned to the squadron that the stolen money could have been used for, and that some of those same funds were used for a discretionary decision to retroactively pay squadron members for full per diem while deployed.

Even assuming that the statements constituted error and were not a reasonable inference from the evidence, Appellant was not prejudiced by the statements.  Trial counsel's assertion that the stolen money was meant to launch aircraft was limited in length and detail, the trial defense counsel effectively rebutted it in their sentencing argument, and the sentence imposed was significantly less than that argued by trial counsel.

The severity of alleged error is negligible.  The statements were neither pervasive nor severe.  They constituted two sentences in a sentencing argument that lasted five pages in the record of trial.  In addition, the focus of this portion of the argument was not on how the funds would be used by the named operations.  Instead, the focus was that the funds were stolen from the unit and the named military operations.  This was established through a stipulation of expected testimony entered into with the consent of both the trial counsel, trial defense counsel, and Appellant.  In addition, the lack of defense objection is some measure of the minimal impact of the trial counsel's improper argument.  *Gilley*, 56 M.J. at 123.

Although the trial defense counsel did not object and the military judge did not sua sponte issue any curative instructions, the trial defense counsel mitigated any error by highlighting this deficiency during their argument.  The defense specifically argued that there was no evidence that the theft of these funds impacted the launch of any aircraft and there was no showing that the theft of these funds had any impact on the mission whatsoever.  Though trial counsel provided a rebuttal sentencing argument, trial counsel neither rebutted the defense's argument of no impact nor reasserted that the stolen funds were meant to either launch airplanes or support the launching of airplanes.

We also consider the weight of the evidence. Appellant was found guilty of stealing, and assisting his co-conspirator in stealing, more than $43,000 in funds from the United States over an eight month period of time. Trial counsel argued for a bad-conduct discharge, a $14,000 fine, reduction to E-1, and confinement for 15 to 18 months. The members, however, returned with a sentence that did not include a fine, forfeitures, or any confinement. The members, in imposing a sentence of a bad-conduct discharge, hard labor without confinement, a reduction to E-2, and a reprimand, demonstrated that they were not swayed by trial counsel's argument. The members imposed the sentence they felt appropriate based on the evidence admitted at trial and the instructions provided by the military judge.

Upon considering all the factors, we determine the error did not materially prejudice a substantial right of Appellant.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38615