# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Staff Sergeant STANLEY H.R. EWAN
### United States Air Force

## ACM 38588

## 27 October 2015

Sentence adjudged 9 January 2014 by GCM convened at Joint Base Andrews, Maryland. Military Judge: Christopher A. Santoro (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 16 years, and reduction to E-1.

Appellate Counsel for the Appellant: Major Jeffrey A. Davis.

Appellate Counsel for the United States: Major Meredith L. Steer and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

Before a general court-martial composed of a military judge sitting alone, Appellant was convicted, contrary to his pleas, of rape by force of his wife RE, divers aggravated sexual assault of his daughter AE by causing bodily harm when he penetrated her genital opening with his finger, divers aggravated sexual assault of AE by causing bodily harm when he penetrated her genital opening with his penis, divers rape by force of AE, and adultery with AE in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§

920, 934.[1]  The military judge sentenced Appellant to a dishonorable discharge, 16 years of confinement, and reduction to E-1.  The convening authority waived the automatic forfeitures for 6 months and otherwise approved the sentence as adjudged.

On appeal, Appellant raises 17 assignments of error, with the majority of them raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A 1982).  Five assignments of error are allegations of ineffective assistance of counsel.  Four relate to Facebook records of the victims.  One alleges error in the initial appointment of his counsel.  Appellant challenges the legal and factual sufficiency of his convictions.  Appellant alleges the trial counsel made improper argument during sentencing, the military protective order violated his First Amendment rights, the law enforcement interview of his current spouse violated his spousal privilege right, and cumulative error requires a new trial.  Appellant also claims he was subject to cruel and unusual punishment in post-trial confinement and that error in the deferred forfeitures requires relief.[2]  We have considered all the assignments of error.  We find no basis to grant relief and affirm the findings and sentence.

*Background*

In 1998, Appellant met RE when she was 18 year old and they were married about six months later.  In 2004, RE and Appellant became foster parents while he was stationed in Missouri.  In 2005, they accepted the placement of four siblings to include AE.  In 2006, Appellant and RE adopted all four siblings.  AE was 12 years old, her two brothers and sister were younger.  The family moved to Maryland when Appellant was stationed at Fort Meade, Maryland.

About one month before her 16th birthday, Appellant approached AE and told her he was sexually interested in her.  He informed her that both Maryland law and federal law permitted them to have sexual intercourse once she was 16 years old because she was not his biological child.[3]  A few weeks after her 16th birthday, the family was going to church but AE stayed home because she was menstruating and was not feeling well.  Appellant stayed home with his daughter.  After spreading a towel on the bed because he anticipated "it would be messy," Appellant had sexual intercourse with his daughter.  AE did not want to have sexual intercourse with him, but admitted that he was not physically forceful and she did not say no.

---

[1] Because all the Article 120 offenses occurred between July 2009 and October 2011, Appellant was charged under the version of Article 120, UCMJ, 10 U.S.C. § 920, applicable to offenses committed between 1 October 2007 and 27 June 2012. *Manual for Courts-Martial, United States* (*MCM*), app. 28 at A28-1 (2012 ed.).

[2] In his 9 July 2015 affidavit, Appellant also mentions violations of the Due Process Clause and Commerce Clause in relation to his incarceration.

[3] We disagree with Appellant's summary of applicable state and federal law.

After this occasion, AE would repeatedly wake up to Appellant having his fingers inside her vagina. Appellant repeatedly engaged in digital penetration of her vagina, vaginal sexual intercourse, oral intercourse, and anal sex with his daughter. AE explained that on several occasions she would repeatedly say no, push him away, and try to evade him. However, Appellant was persistent and stronger than she was.

There was another rape during a time when the sexual abuse had ceased for a while. AE bought tickets to attend a convention that was about 30 minutes from her home. Appellant obtained a hotel room and accompanied his daughter. The hotel room had a single bed. AE planned to sleep on the floor, but Appellant convinced her that he would not engage in any sexual activity with her. After she was in bed, Appellant pulled her pajamas and panties off. She told him no several times, pushed him and hit him and tried to fight him off. Appellant pinned her down by holding her shoulders and placed his hands on her so hard that he left bruises on her waist.

AE explained that she did not report Appellant's behavior to her mother, RE, or the authorities because it would result in her younger siblings being placed back in foster care. She was concerned that her siblings would be separated again if they re-entered foster care. She was also concerned that Appellant would deny everything and convince others she was a liar. AE admitted she told her boyfriend and others that she had a "consensual" sexual relationship with Appellant.

Appellant testified he became AE's father when she was 12 years old and she called him "dad." He explained his sexual attraction to his daughter "just happened." He admitted that, after AE turned 16, he initiated and pursued a sexual relationship with AE after researching the age of consent in Maryland. He admitted to digital penetration, oral intercourse, and anal sex. Appellant testified the sexual activity with his daughter occurred over six to eight months. Appellant also admitted to sexual intercourse with his daughter at the hotel during the weekend of the convention. Appellant's version of what occurred, however, diverged to the extent that he described all of their sexual activity, as being "very consensual."

Appellant told his wife, RE, that he wanted a divorce in April 2010. They continued to live together until December 2010. The night before she was scheduled to move out of their residence, Appellant pinned her arms above her head. She struggled, fought him, and cried. He pulled her pajamas and underwear off and proceeded to have sexual intercourse with her. When RE confronted him the next morning, RE recalled him saying that "he remembered things happening that shouldn't have happened." He then claimed he had been asleep and then told RE it was her fault because she must have provoked him and did not stop him.

Additional facts are discussed in the sections below as necessary.

*Ineffective Assistance of Counsel*

Appellant alleges his trial defense counsel were ineffective by (1) failing to interview and call relevant witnesses during findings,[4] (2) failing to interview Appellant's wife prior to her testimony, (3) failing to pursue a defense of parasomnia, (4) failing to introduce the videotape of the law enforcement interview of AE and Appellant's journal; and (5) waiving the discovery issue as to AE and RE's Facebook records.

We ordered the submission of affidavits from both trial defense counsel. Appellant submitted an additional affidavit in reply. Having reviewed the affidavits of Appellant and both counsel, we conclude we need not order additional fact-finding to resolve the assigned error. *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997).

We review claims of ineffective assistance of counsel de novo. *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007). To establish ineffective assistance of counsel, "an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The deficiency prong requires an appellant to show the performance of counsel fell below an objective standard of reasonableness, according to the prevailing standards of the profession. *Strickland*, 466 U.S. at 688. The prejudice prong requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Appellant claims that Technical Sergeant (TSgt) MW saw him and AE during the same convention weekend when she was raped. Appellant claims TSgt MW would have reported that he did not notice any change in demeanor of AE. Appellant's civilian defense counsel interviewed TSgt MW. He was concerned about inconsistent statements Appellant made to TSgt MW about his relationship with AE. During cross-examination, AE admitted that after she was raped she continued to stay with Appellant in the hotel and went to the conference for the remainder of the weekend. Trial defense counsel determined that the minimal additional relevant evidence from TSgt MW, who only saw AE and Appellant for a limited time during that weekend, was outweighed by the potential negative. This was a reasonable decision.

Appellant claims counsel were ineffective for not interviewing and calling as a witness his first sergeant. Appellant reports his first sergeant would have said that AE expressed frustration with the military protective order that prevented her from having communications with Appellant and her mother, RE. AE admitted during her testimony that she continued to have contact with Appellant and to live in Appellant's residence even after her mother RE moved out. Appellant admits he did not ask his counsel to

---

[4] In his 9 July 2015 affidavit, Appellant concedes that the decision to not call Ms. DB as a witness was reasonable.

interview the first sergeant or explain to his counsel why such an interview might be helpful. Under the facts of this case, we do not see the failure to interview the first sergeant as falling below the objective standard of reasonableness.

Appellant argues his counsel should have called as a witness the law enforcement agent who interviewed AE and should have introduced a videotape of the interview with AE. Appellant and his counsel view the interview differently. Appellant sees it as proof that law enforcement agents coerced his daughter into saying she was assaulted. Trial defense counsel view that videotape as consistent with her in-court testimony. AE testified that she initially denied any improper relationship between her and Appellant, later admitted she had a consensual sexual relationship with him, and finally raised the allegations that he had raped and sexually assaulted her. At trial, AE explained why she gave these inconsistent statements. Trial defense counsel decided that introducing the videotape statements would only bolster her testimony with a similarly consistent earlier statement. This was a sound tactical decision.

Trial defense counsel agree that they did not interview Appellant's wife, RE, prior to trial. They had RE's prior statements to include her Article 32, UCMJ, 10 U.S.C. § 832, testimony and notes of her prior interviews with other previously detailed defense counsel. They decided not to interview RE as they had sufficient information for cross-examination as to bias and motive to fabricate, and they did not want to signal to her their intentions. RE was vigorously cross-examined by trial defense counsel. Trial defense counsel's cross-examination of RE developed that AE never reported any abuse by Appellant to her mother, RE made prior inconsistent statements about her observations of AE, and RE had a potential motive to fabricate so she could get custody of all of her children from Appellant. The decision of trial defense counsel not to personally interview RE was not deficient.

Appellant claims his trial defense counsel were ineffective for failing to develop a defense of parasomnia. Trial defense counsel recognized this as a potential defense. Appellant admits that his multiple sleep studies identified sleep apnea and troubled sleep but did not diagnose him with parasomnia. A Rule for Courts-Martial 706 mental capacity/mental responsibility inquiry also did not contain a parasomnia diagnosis. Trial defense counsel consulted with their confidential expert in forensic psychology. The expert opined that parasomnia was not a viable defense. Civilian defense counsel was also concerned that raising the defense would lead to the admission of other evidence of abusive behavior by Appellant toward his wife, RE. We find no fault with trial defense counsel concluding that parasomnia was not an effective defense and deciding not to raise it.

Appellant claims that his trial defense counsel were ineffective when they waived a motion to compel production of Facebook records of AE and RE. Upon a joint motion of counsel, the military judge issued an order of production on 3 January 2014

compelling Facebook to produce the records of AE, RE, and another witness. Facebook declined to comply and that same day the Government obtained an order from a federal court magistrate to compel the records. Based on the failure of Facebook to timely respond, trial counsel arranged for AE and RE to work with law enforcement to download information from their Facebook accounts. Trial defense counsel admitted that they did not have any reason to believe that information regarding the rape of RE was located within Facebook. Trial defense counsel sought a continuance to compel the production of the records. Appellant testified on the motion and said that he had deleted all of his Facebook communications with AE. The military judge deferred ruling on the motion. After AE testified, civilian trial defense counsel withdrew his motion for a continuance. Appellant now claims that his waiver of the motion to compel was ineffective assistance of counsel.

The records received by trial defense counsel included over 463 pages from AE and over 834 pages from RE. AE testified that she and Appellant talked by phone or text about the exact number of times they had sexual intercourse so they could have a consistent story when they told his new fiancée. AE told Appellant's new fiancée that she had previously engaged in a consensual sexual relationship with him. AE admitted that RE sent her Facebook messages that implied she wanted to use the proceedings to force Appellant to relinquish custody. Appellant's current wife (former fiancée) testified that she had Facebook conversations with AE about her sexual relationship with Appellant.

Trial defense counsel made a reasonable determination that additional Facebook records were not necessary. They had access to over 1,000 pages of Facebook records. They obtained, during the cross-examination of AE, evidence of RE's motive to fabricate and that on prior occasions AE repeatedly stated her sexual relationship with her father was consensual. Defense counsel also faced the problem that their client admitted that he intentionally deleted all his Facebook communications with AE after she made the rape allegations. Their decision to use the currently available information was reasonable and sound.

We conclude trial defense counsel had sound tactical reasons for each of the decisions Appellant challenges. This assignment of error is therefore without merit. *See United States v. Anderson*, 55 M.J. 198, 202 (C.A.A.F. 2001) (observing that the court "will not second-guess the strategic or tactical decisions made at trial by defense counsel").

*Argument of Trial Counsel*

During closing argument, senior trial counsel referenced the fear AE experienced when Appellant, her father, was engaging in sexual activity with her. Trial defense counsel did not object. Appellant now claims this was improper argument.

Whether argument is improper is a question of law we review de novo. *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011) (citing *United States v. Pope*, 69 M.J. 328, 334 (C.A.A.F. 2011)). If trial defense counsel failed to object to the argument at trial, we review for plain error. *Id.* To establish plain error, the appellant must prove: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007))(internal quotation marks omitted). "'[T]rial counsel is at liberty to strike hard, but not foul, blows.'" *United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007) (quoting *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000)). Accordingly, trial counsel may not "unduly . . . inflame the passions or prejudices of the court members," *United States v. Clifton*, 15 M.J. 26, 30 (C.M.A. 1983); or inject irrelevant matters, such as personal opinions or facts not in evidence, *United States v. Fletcher*, 62 M.J. 175, 180, 183 (C.A.A.F. 2005). Stated conversely, trial counsel is limited to arguing the evidence in the record and the inferences fairly derived from that evidence. *See United States v. Paxton*, 64 M.J. 484, 488 (C.A.A.F. 2007); *United States v. White*, 36 M.J. 306, 308 (C.M.A. 1993).

We find no error in trial counsel's references to the fear experienced by AE. Trial counsel was arguing fair inferences from the evidence in the record. Appellant had introduced evidence of consent by AE to the sexual activity. Appellant's testimony at trial and his continued assertions during appellate pleadings are that he is not guilty because AE consented. Trial counsel properly aligned his argument with the definition of consent in the applicable law which included, "Lack of verbal or physical resistance or submission resulting from the accused's use of force, threat of force, or placing another person in fear does not constitute consent." *Manual for Courts-Martial, United States* (*MCM*), app. 28 at A28-4 (2012 ed.) Trial counsel's argument was aligned with the applicable law, the admitted evidence, and fairly derived inferences from that evidence. We find no error.

*Legal and Factual Sufficiency*

We review issues of legal and factual sufficiency de novo. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "The test for legal sufficiency of the evidence is 'whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt.'" *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325. In conducting this unique appellate role, we

take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399. Our assessment of legal and factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

Appellant challenges the findings of guilty to the specifications and charges as not legally and factually sufficient. Appellant argues that the late reporting of the rape by RE and her potential motivation to fabricate result in her testimony being both legally and factually insufficient. Appellant argues AE's prior inconsistent statements that the sexual activity was voluntary, her description of Appellant's response to her protestations and his testimony result in the evidence being factually and legally insufficient. Appellant specifically argues that the Government did not disprove his defense of mistake of fact as to consent for his interactions with AE. We disagree. We have considered the evidence in the light most favorable to the prosecution and find the evidence legally sufficient to support the conviction. Moreover, having made allowances for not having personally observed the witnesses, we are ourselves convinced of his guilt beyond a reasonable doubt of all of the affirmed charges and specifications.

*Other Assignments of Error*

We have considered the remaining assignments of error and find them to be without merit. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

*Cumulative Error*

Finally, Appellant contends even if none of his multiple assignments of error entitle him to relief, he is nevertheless entitled to relief under the cumulative error doctrine. We review such claims de novo. *United States v. Pope*, 69 M.J. 328, 335 (C.A.A.F. 2011). Under the cumulative error doctrine, "a number of errors, no one perhaps sufficient to merit reversal, in combination necessitate the disapproval of a finding." *Id*. (quoting *United States v. Banks*, 36 M.J. 150, 170–71 (C.M.A. 1992)) (internal quotation marks omitted). "Assertions of error without merit are not sufficient to invoke this doctrine." *United States v. Gray*, 51 M.J. 1, 61 (C.A.A.F. 1999). We will reverse the proceedings only if we determine the cumulative errors denied the appellant a fair trial. *See Pope*, 328 M.J. at 335. There was overwhelming evidence of Appellant's guilt, and any errors that occurred did not deprive Appellant of a fair trial, either in findings or in sentencing. We do not grant Appellant any relief under this theory.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.[5] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.


FOR THE COURT


STEVEN LUCAS
Clerk of the Court

---

[5] We order correction of the typographical errors in the court-martial order.